HAYNES BOONE

February 10, 2026

Direct Phone Number +1 214-651-5375
debbie.mccomas@haynesboone.com

***Via CM/ECF***
Mr. Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: Notice of Supplemental Authority Under Fed. R. App. P. 28(j) in *In re Tesla, Inc.*, No. 26-116

Dear Mr. Perlow:

Petitioner Tesla, Inc. writes to advise the Court of a factual development bearing on Tesla's argument that the USPTO's rationale for denying institution of *inter partes* review ("IPR") exceeded its authority. *See* Tesla Pet. 13-18, Reply 5-6. The USPTO's sole articulated basis for denying institution in this case was that "it is unlikely that a final written decision in this proceeding will issue before the district trial occurs." Appx2. But Congress did not authorize denial of institution based on speculation about time to trial—which is inherently unpredictable, as a recent development here confirms. The USPTO's decision here relied on a trial date scheduled roughly a year in advance. Appx2. That trial date has now been wiped away: the district court in the Eastern District of Texas entered an order transferring the underlying lawsuit to the Northern District of California, abolishing the USPTO's sole basis for denying Tesla's petition. *See* 2:24-cv-01007, Doc. 129 (E.D. Tex. Dec. 17, 2025), as redacted at Doc. 130, and reconsideration denied in redacted filing at Doc. 146-1 (Feb. 5, 2026). It is precisely this type of uncertainty in district court litigation that IPRs were created to circumvent. Tesla Pet. 7. As these additional facts demonstrate, to allow the USPTO to continue to exceed its statutory authority based on time-to-trial criterion thwarts the very purpose of the IPR process as enacted by Congress and warrants correction by this Court.

Respectfully submitted,

*/s/ Debra J. McComas*
Debra J. McComas

**Attorney for Petitioner Tesla, Inc.**

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because it contains 236 words.

*/s/ Debra J. McComas*
Debra J. McComas